DIAMANTIS, Judge.
The Federal Deposit Insurance Corporation (FDIC), as mortgagee in a foreclosure action concerning certain condominium units, appeals the trial court’s post-judgment order rescheduling a foreclosure sale. FDIC contends that the trial court erred when, in rescheduling the sale, the court added a provision requiring FDIC to pay condominium assessments.[1] We agree and, therefore, reverse that portion of the order which requires FDIC to pay the condominium assessments.
This foreclosure action had been pending for more than three years when the condominium association filed a motion with the trial court requesting that the court order FDIC to pay the assessments due on the foreclosure property. The trial court denied the motion, concluding that, under section 718.116, Florida Statutes (1991), the owner was liable for such assessments and *582 FDIC, as a foreclosing mortgagee, was not the owner of the property.[2] The court further noted that it would not order FDIC to pay the assessments as a sanction because FDIC was not responsible for the more than three-year delay. However, the court indicated that if FDIC was responsible for any prospective delay, a requirement that FDIC pay assessments “may well be considered by the court,” which consideration would be “subject to a future motion and hearing following any delays that FDIC should occasion.”
The trial court subsequently entered a judgment of foreclosure and set a sale date. Upon motion filed by FDIC, the trial court granted an extension of the sale date because FDIC was unable to obtain the required bid approval prior to the sale date. FDIC later moved for a second postponement of the sale date, alleging that there was an error in the legal description of the property as published in the notice of sale and that FDIC needed bid information and instructions due to a demand by the receiver of the property that it pay assessments totalling over $400,000 per year. The trial court then entered the order which is the subject of this appeal in which the court canceled the pending sale of the property subject to being rescheduled by further order of the court. The court also ordered FDIC to pay monthly condominium assessments, although there was no specific request by any party to do so. Assuming, arguendo, that the trial court possessed discretion as a court of equity to impose the payment of these assessments as a condition of postponing the sale, we conclude that under these circumstances the trial court abused its discretion in ordering the payment of such assessments once it canceled the sale because the court failed to give FDIC the option of either proceeding with the sale or postponing the sale conditioned on the payment of these assessments.[3]
REVERSED.
HARRIS, C.J., and GRIFFIN, J., concur.

. We have jurisdiction to review this order pursuant to rule 9.130(a)(4), Florida Rules of Appellate Procedure.

. Compare § 718.116, Fla.Stat. (1992).

. Because of our disposition of this matter, we do not reach the other issues raised by FDIC. These issues include whether section 718.116, Florida Statutes (1991), precludes imposing such assessments on FDIC as a foreclosing mortgagee prior to the time that it becomes the owner of the property and whether such assessments constitute a penalty under the provisions of 12 U.S.C.A. § 1825 (1989), for which the FDIC cannot be held liable.